E-FILED
Wednesday, 03 October, 2012  10:16:55 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| MICHAEL WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  12-CV-3235 |
| | ) |
| TAYLORVILLE CORRECTIONAL | ) |
| CENTER, | ) |
| C/O SKINNER, | ) |
| C/O BLAZICH, and | ) |
| SGT. LEEPRE, | ) |
| | ) |
| Defendants. | ) |

## OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and incarcerated in Taylorville

Correctional Center, challenges adverse actions which he believes were

motivated by racial animus.  The case is before the Court for a merit

review pursuant to 28 U.S.C. § 1915A.

## LEGAL STANDARD

The Court is required by § 1915A to review a Complaint filed by a

1

prisoner against a governmental entity or officer and, through such process, to identify cognizable claims, dismissing any claim that is "frivolous, malicious, or fails to state a claim upon which relief may be granted."  A hearing is held if necessary to assist the Court in this review, but, in this case, the Court concludes that no hearing is necessary.  The Complaint and its attachments are clear enough on their own for this Court to perform its merit review of Plaintiff's Complaint.

The review standard under § 1915A is the same as the notice pleading standard under Federal Rule of Civil Procedure 12(b)(6). Zimmerman v. Tribble, 226 F.3d 568, 571 (7th Cir. 2000).  To state a claim, the allegations must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Factual allegations must give enough detail to give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" EEOC v. Concentra Health Serv., Inc., 496 F.3d 773, 776 (7th Cir. 2007)(*quoting* Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)(add'l citation omitted)).  The factual "allegations must plausibly suggest that the

2

plaintiff has a right to relief, raising that possibility above a 'speculative level.'" Id. (*quoting* Bell Atlantic, 550 U.S. at 555).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged . . . .  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009)(*citing* Bell Atlantic, 550 U.S. at 555-56).  However, pro se pleadings are liberally construed when applying this standard.  Bridges v. Gilbert, 557 F.3d 541, 546 (7th Cir. 2009).

## ALLEGATIONS

Plaintiff alleges that he has been unfairly singled out because of his race, African American.  In particular, he alleges that Defendant Leepre has repeatedly hindered Plaintiff's ability to go to church or chow. Leepre also allegedly "tore up" Plaintiff's cell during a compliance check on May 1, 2012, throwing Plaintiff's seizure medication in the trash. The harassment was allegedly continued by Defendant Skinner on

August 12, 2012, who allegedly called Plaintiff a snitch in front of his

cellmate and other inmates, leading to Plaintiff being threatened and

constantly spit on by other inmates. On August 22, 2012, Defendant

Blazich allegedly joined in the racial profiling by writing a false

disciplinary ticket.

## ANALYSIS

Plaintiff does not explain why he believes Defendants actions were

discriminatory, but at this point the Court cannot rule out an equal

protection claim based on race discrimination, or possibly a class-of-one

equal protection claim. *See* <u>Sung Park v. Indiana University School of

Dentistry</u>, — F.3d —, 2012 WL 3758239 *4 (7th Cir. 2012)(class of one

claim requires intentional, irrational discrimination or knowledge the

discrimination lacked justification). Plaintiff may also be alleging that

some of these adverse actions amounted to retaliation for his protected

First Amendment activity. He seems to also pursue a claim that labeling

him a snitch placed him at a substantial risk of serious injury. Given the

lack of detail in Plaintiff's complaint, the Court identifies these only as

4

possible claims, subject to a motion to dismiss by Defendants pursuant to
Fed. R. Civ. P. 12(b)(6).

IT IS THEREFORE ORDERED:

1) The merit review scheduled for October 9, 2012 is cancelled.
The clerk is directed to notify Plaintiff's prison of the cancellation.

2)  Pursuant to its merit review of the Complaint under 28 U.S.C. §
1915A, the Court finds that Plaintiff states possible federal constitutional
claims for equal protection violations, failure to protect, and retaliation
for protected First Amendment activity.  This case proceeds solely on the
claims identified in this paragraph.  Any additional claims shall not be
included in the case, except at the Court's discretion on motion by a
party for good cause shown or pursuant to Federal Rule of Civil
Procedure 15.

3) Taylorville Correctional Center is dismissed as a Defendant
because a state prison is not a "person" or entity subject to suit under 42
U.S.C. § 1983.  Thomas v. Illinois, — F.3d —, 2012 WL 4458347 *1
(7th Cir. 2012)("[A] state and its agencies are not suable 'persons' within

5

the meaning of section 1983 . . . .").

4) The Clerk is directed to send to each Defendant pursuant to this District's internal procedures: 1) a Notice of Lawsuit and Request for Waiver of Service; 2) a Waiver of Service; 3) a copy of the Complaint; and, 4) this order.

5)  If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to serve that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

6) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for serving said Defendant. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by

the Clerk.

7)  Plaintiff shall serve upon any Defendant who has been served but who is not represented by counsel a copy of every filing submitted by Plaintiff for consideration by the Court, and Plaintiff shall also file a certificate of service stating the date on which the copy was mailed.  Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service will be struck by the Court.

8) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel.  Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel.  The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3.  If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

9) This cause is set for further scheduling procedures under Fed. R. Civ. P. 16 on November 13, 2012, at 1:30 p.m. (or as soon as the Court

can reach the case) before U. S. District Judge Sue E. Myerscough by telephone conference.  The conference will be cancelled if service has been accomplished and no pending issues need discussion.  Accordingly, no writ will issue for Plaintiff's presence unless directed by the Court.

10) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the depositions.

11)  Plaintiff shall immediately notify the Court of any change in his mailing address and telephone number.  Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

ENTERED:  October 3, 2012

FOR THE COURT:

_____s/Sue E. Myerscough_____
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE